UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHANTE C. SMITH, | ) |
|       Plaintiff, | )     JURY DEMAND |
| | ) |
|       v. | )     CAUSE NO: |
| | ) |
| NASHVILLE AUTO DIESEL COLLEGE, LLC, | ) |
| | ) |
|       Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. Plaintiff, Chante C. Smith ("Smith"), brings this Complaint against Defendant, Nashville Auto Diesel College, LLC, ("Defendant"), for its discriminatory actions toward her based on her race, African-American, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and for retaliating against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Finally, Smith brings this Complaint against the Defendant alleging an intentional violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq.

### II. Parties

2. Smith is an African-American female who has resided within the State of Tennessee at all relevant times hereto.

3. Defendant is a for-profit corporation that is located within and conducted business within the geographic boundaries of the Middle District of Tennessee at all times relevant to this action.

### III. Jurisdiction and Venue

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. §2617(a).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. 2000e(b) and 29 U.S.C. §2611(4).

6. Smith, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f) and an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Smith satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission ("EEOC") Charge No. 494-2012-01298. The EEOC issued a "cause" determination - Smith received her Notices of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Middle District of Tennessee, thus venue in this court is proper.

### IV. Factual Allegations

9. Smith, who is African-American, was hired by the Defendant on or about December 1, 2003, as a Financial Aid Advisor. Smith held the same position upon her termination on or about April 3, 2012.

10. At all times relevant, Smith met Defendant's legitimate performance expectations. Notably, all of Smith's performance reviews were graded as fair or better prior to her termination on April 3, 2012.

11. In or about September 2011, Smith applied for and was granted FMLA leave for treatment of her serious health condition. Smith exercised her rights under the FMLA leave and was off from work on FMLA leave from September 2011 through late November 2011.

12. In or about early December 2011, almost immediately upon her return from FMLA leave, Smith started being harassed about her work performance by her supervisor, Chris Biddle ("Biddle"), Director of Financial Aid. Biddle had just become Smith's Supervisor in or about April 2011.

13. For example, in or about February 2012, Biddle changed Smith's work schedule to start and end one hour later and added an additional late evening for her to work. Smith believed this change was motivated by her race and was a form of harassment.

14. On or about March 20, 2012, Smith engaged in a protected activity and reported to Defendant's Human Resources Department member, Brandi Lynch ("Lynch"), that she believed Biddle was harassing her due to her race. Lynch stated she would have to share the complaint of discrimination with the Defendant's President, Jim Coakley ("Coakley"), and an investigation would be started.

15. Smith requested that Lynch take her complaint of discrimination directly to Defendant's corporate management because Coakley and Biddle are friends and Smith believed Coakley would not address her complaints.

16. On March 22, 2012, Smith was in a car accident and on or about March 28, 2012, Smith's doctor placed her on leave from work for four (4) days. Smith was scheduled to return to work on April 4, 2012.

17. On April 3, 2012, Smith was telephoned by Coakley, and terminated from her employment for alleged attendance issues. Biddle recommended Smith's termination to Coakley.

18. Smith was never formally disciplined or written-up for alleged attendance issues or violations during her entire tenure. Several similarly-situated white employee and/or employees who have not engaged in a protected activity and/or have not exercised their rights under the FMLA have had several instances of attendance violations, have been given numerous warning and disciplinary actions prior to termination and/or have not been terminated.

19. Smith was harassed and subject to different terms and conditions of employment due to her race and/or for the exercise of her rights under the FMLA. Smith was terminated due to her race and/or in retaliation for complaining of race discrimination and/or due to the exercise of her rights under the FMLA.

20. Smith filed a Charge of Discrimination with the EEOC based on the above facts. The EEOC determination held that Smith was treated differently and terminated based on her race and she was subjected to different terms and conditions of her employment and terminated in retaliation for opposing unlawful employment practices.

### V. Causes of Action

### Count I. Section 1981 Race Discrimination Claim

21. Smith hereby incorporates by reference paragraphs one (1) through twenty (20) of her Complaint.

4

22. Smith was harassed, subjected to different terms and conditions of her employment and terminated based on her race.

23. Defendant's actions were in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

24. Defendant's actions were willful, intentional, and done with reckless disregard of Smith's civil rights.

25. Smith has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

### Count II.  Title VII Race Discrimination Claim

26. Smith hereby incorporates by reference paragraphs one (1) through twenty-five (25) of her Complaint.

27. Smith was harassed, subjected to different terms and conditions of her employment and terminated based on her race.

28. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

29. Defendant's actions were willful, intentional, and done with reckless disregard for Smith's civil rights.

30. Smith has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

### Count III.  Title VII - Retaliation

31. Smith hereby incorporates by reference paragraphs one (1) through thirty (30) of her Complaint.

32. Smith engaged in a protected activity by complaining of race discrimination. Smith was subjected to different terms and conditions of her employment and terminated in retaliation for her complaints.

33. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

34. Defendant's actions were willful, intentional, and done with reckless disregard for Smith' civil rights.

35. Smith has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

### Count IV. FMLA Claim

36. Smith hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37. Defendant intentionally violated Smith's rights as protected by the FMLA by counting FMLA protected days as alleged attendance violations and discharging her as a result of her use of FMLA leave.

38. Defendant's actions were intentional, willful and in reckless disregard of Smith's rights as protected by the FMLA.

39. Smith suffered damages and continues to suffer damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Chante C. Smith, by counsel, respectfully requests that this Court find for Plaintiff, and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race or use of FMLA;

2. Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions, and award liquidated damages in amount equal to her lost wages for Defendant's intentional violation of the FMLA;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully submitted,

__/s/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, Chante C. Smith, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        __/s/Kyle F. Biesecker_____
        Kyle F. Biesecker, Attorney No. 28872
        BIESECKER DUTKANYCH & MACER, LLC
        3200 West End Avenue, Suite 500
        Nashville, Tennessee 37203
        Telephone:   (615) 783-2171
        Facsimile:    (812) 424-1005
        E-Mail:       kfb@bdlegal.com

        Attorneys for Plaintiff